IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

**AFFINITY FEDERAL CREDIT UNION,** \*

    Plaintiff,                                         Case No.: GJH-16-3362

v.

**MICHAEL P. SKARZYNSKI**

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff Affinity Federal Credit Union ("Affinity") brings this civil action against Michael Skarzynski ("Skarzynski"). Affinity alleges that Skarzynski breached the terms of a settlement agreement by failing to make regular monthly payments to Affinity to resolve his unpaid debt obligations. ECF No. 1. Now pending before the Court is Affinity's Motion for Default Judgment. ECF No. 10. No hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motion for Default Judgment is denied.

### I.  BACKGROUND[1]

On November 20, 2015, Affinity and Skarzynski entered into a settlement agreement resolving a lawsuit brought by Affinity against Skarzynski and Daniel Skarzynski. ECF No. 1 ¶ 5; *see also* ECF No. 1-1 at 1.[2] As part of the settlement agreement, Skarzynski acknowledged that he owed Affinity $186,898.30 in unpaid education loans and credit card debt. ECF No. 1 ¶¶

---

[1] All facts are taken from Plaintiff's Complaint, or documents integral to and relied upon in the Complaint, and are accepted as true.

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system. The prior lawsuit was also filed in this district. *See Affinity Fed. Credit Union, L.L.C., v. Skarzynski*, Case No. PWG 15-1801 (D. Md. entering settlement order dismissing case Oct. 7, 2015). Daniel Skarzynski is not a party to the present litigation.

1

6-7. To satisfy this obligation, Skarzynski agreed to make regular monthly payments of $1,000.00 per month, starting on January 1, 2016. *Id.* ¶ 8; *see also* ECF No. 1-1 at 2. In exchange, Affinity agreed to reduce the amount of Skarzynski's total debt obligation to $163,453.65. ECF No. 1 ¶ 8. The settlement agreement also included language stating that if Skarzynski failed to comply with his payment obligations, Affinity could immediately bring suit for the entire debt obligation, plus any accrued interest, along with a limited amount of attorneys' fees incurred in litigating the case. *Id.* ¶¶ 9-10; *see also* ECF No. 1-1 at 4.

Affinity alleges that Skarzynski failed to make the monthly payments that were due on July 1, 2016 and August 1, 2016. ECF No. 1 ¶ 10. As required by the settlement agreement, Affinity sent a notice to Skarzynski on August 2, 2016, advising him that he had failed to make the above-referenced payments. *Id.* ¶ 12; *see also* ECF No. 1-2. Affinity claims that Skarzynski failed to cure his missed payment and, thus, is in default of his obligation to Affinity, entitling them to accelerate payment of his entire debt obligation. ECF No. 1¶¶13, 15.

Affinity initiated this case on October 6, 2016, ECF No. 1, and personally served Skarzynski with a copy of the summons, the Complaint, and attached exhibits on October 12, 2016. ECF No. 6. On November 7, 2016, observing that Skarzynski had been served, but no response appeared on the docket, the Court ordered Affinity to file and serve a motion for clerk's entry of default and a motion for default judgment, or explain why such action would be inappropriate. ECF No. 7-1. On November 14, 2016, a letter from Skarzynski was entered on the Court's docket. ECF No. 8. The letter was titled "Response to Summons" and included the case number for the present case. *Id.* Although addressed to Judge William Connolly, who presided over the settlement conference in the prior litigation, the substance of the letter addressed the allegations in the present case. Specifically, Skarzynski stated that, contrary to Affinity's allegations, he had made monthly payments from January 1, 2016 through October 1, 2016 as

2

required by the settlement agreement and asked the Court not to enter judgment against him. *Id.* Although the letter was dated October 12, 2016, the date stamp on the envelope and a signature on the first page of the document reflect that, while the document was not docketed until November 14, 2016, it was received by the Clerk's Office on October 31, 2016. *Id.* at 1,4.

On November 28, 2016, Affinity filed a Motion for Clerk's Entry of Default, stating that Skarzynski's deadline to file a responsive pleading had expired on November 3, 2016 and he had failed to answer or otherwise defend the action. ECF No. 9. In a footnote, Affinity acknowledged that Skarzynski had sent a letter to the Court on October 12, 2016, but stated that the letter referred to a previously dismissed action and did not constitute an answer or preliminary motion. *Id.* at 1 n.1. On December 7, 2016, Affinity filed a Motion for Default Judgment, ECF No. 10, requesting that the Court enter judgment in the amount of $180,003.45 in principal, $6,183.47 in interest, and $3,660.50 in attorney's fees, along with pre and post-judgment interest. *Id.* at 4. On December 12, 2016, the Clerk entered an Order of Default against Skarzynski. ECF No. 11.

## II.   DISCUSSION

Pursuant to Federal Rule of Civil Procedure 55(c), a court may "set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). Here, although Affinity did not view it as such, Skarzynski's letter to the Court on October 31, 2016 constitutes a responsive pleading. In a letter entitled "Response to Summons" and captioned with the name and number of the present case, Skarzynski denies the allegations put forward by Affinity in the Complaint. ECF No. 8. Specifically, Skarzynski claims that he "has made monthly payments of $1000 commencing January 2016 through October 2016 by personal check payable to Affinity [] and mailed by regular USPS service to [Plaintiff's counsel]…with protocol established in [the] November 2015 settlement agreement." *Id.* Although Affinity argues that this letter merely referred to a previously dismissed action and did not constitute an answer or preliminary motion, ECF No. 9

3

at 1 n.1, the content of the letter indicates Skarzynski sought to defend himself against the new allegations that Affinity brought against him in this present case. Taking into consideration Defendant's *pro-se* status, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* filings are to be "liberally construed") (internal citation omitted), the Court finds that Skarzynski's letter satisfies the requirements for a responsive pleading. *See* Fed. R. Civ. Pro. 8(b) ("In responding to a pleading, a party must (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party.").

Further, the Court holds that Skarzynski's response was timely filed since a response was due on or before November 2, 2016, and the date stamp on the letter reflects that it was received by the Clerk's Office on October 31, 2016. ECF No. 8.[3] Therefore, and keeping in mind the Fourth Circuit's "strong preference that... claims and defenses be disposed of on their merits" *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010), the Court holds that Skarzynski's October 31, 2016 letter constitutes a timely response to Affinity's Complaint and it shall be docketed as an Answer. Thus, the Clerk's Entry of Default, ECF No. 11, shall be vacated and Plaintiff's Motion for Default Judgment, ECF No. 10, shall be denied.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment, ECF No. 10, shall be denied. A separate Order follows.

Dated: July 25, 2017

GEORGE J. HAZEL
United States District Judge

---

[3] The delay between the Clerk's Office's receipt of the letter and its subsequent docketing was likely due to the fact that the letter was addressed personally to Judge Connolly. Notably, Affinity does not challenge the timeliness of Skarzynski's response, nor do they allege that they were prejudiced by any delay.