IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

AFFINITY FEDERAL CREDIT UNION,

    Plaintiff,

v.

MICHAEL P. SKARZYNSKI,

    Defendant.

Case No.: GJH-16-3362

# MEMORANDUM OPINION

Plaintiff Affinity Federal Credit Union ("Affinity") brings this action against Defendant Michael P. Skarzynksi, alleging that Defendant breached the terms of a settlement agreement by failing to make regular monthly payments to Plaintiff to resolve his unpaid debt obligations. Now pending before the Court is Plaintiff's Motion for Summary Judgment. ECF No. 15; ECF No. 20. Defendant has not filed an opposition to the Motion, and no hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motion for Summary Judgment is granted.

## I. BACKGROUND

Plaintiff and Defendant entered into a settlement agreement dated November 20, 2015 (the "Settlement Agreement") to resolve litigation surrounding outstanding debt obligations incurred by Defendant and non-party Daniel J. Skarzynski ("D. Skarzynski").[1] *See* ECF No. 15-3

---

[1] The prior lawsuit was also filed in this district. *See Affinity Fed. Credit Union, L.L.C. v. Skarzynski*, Case No. PWG 15-1801 (D. Md. Oct. 7, 2015) (ECF No. 13) (settlement order dismissing case).

1

at 4.[2] In the Settlement Agreement, Defendant acknowledged the existence of debts totaling $186,898.30 due to Plaintiff as of October 5, 2015. *Id.* The debts stem from credit extended by Plaintiff through five separate accounts: three education loans totaling $69,675.05 (the "Education loans"); a credit card account ending in 8161 totaling $15,149.94 (the "8161 Loan"); and a credit card account ending in 8162 totaling $102,073.31 (the "8162 Loan") (collectively, the "M. Skarzynski Obligation"). *Id.* D. Skarzynski guaranteed the obligations of the Education loans. *Id.*

Pursuant to the settlement agreement, Defendant agreed to make regular monthly payments of $1,000 each, commencing January 1, 2016, and Plaintiff agreed that if the payments were timely made, Plaintiff would accept the reduced sum of $163,453.65 as payment of the M. Skarzynski Obligation in full. *Id.* at 5. In the event that Defendant defaulted on his payment obligations, the Settlement Agreement provides that the entire M. Skarzynski Obligation would be accelerated and immediately due, together with interest from October 5, 2015 at an annual rate of 8% on the Education loans, 9.6% on the 8161 Loan, and 8.6% on the 8162 Loan. *Id.* at 7. Plaintiff may also recoup attorneys' fees and costs up to an amount equal to 10% of the M. Skarzynski Obligation. *Id.*

Since July 1, 2016, Defendant has failed to make his monthly $1,000 payment and, as required by the Settlement Agreement, Plaintiff sent Defendant two notices informing him as such. *See id.* ¶ 7 (Declaration of Andrew Lynch Cole); *id.* at 11 (First Notice of Default dated July 12, 2016); *id.* at 12 (Second Notice of Default dated August 2, 2016). As of December 31,

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

2017, the total amount owed by Defendant is $188,520.05.[3] Plaintiff has also incurred attorneys' fees and costs in the amount of $10,077.02. ECF No. 15-3 ¶ 15.

## II. DISCUSSION

A party may move for summary judgment under Fed. R. Civ. P. 56(a). "The court shall grant summary judgment if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings . . . together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 466 U.S. 317, 323 (1986) (internal citation omitted). In considering the motion, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986). To withstand a motion for summary judgment, the nonmoving party must do more than present a mere scintilla of evidence. *Phillips v. CSX Transport, Inc.*, 190 F.3d 285, 287 (4th Cir. 1999). Rather, "the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250.

The record before the Court makes clear that as of July 1, 2016, Defendant ceased to provide his monthly installment payments to Plaintiff, is in default of the Settlement Agreement, and is therefore in breach of contract. *See Chubb & Son v. C & C Complete Servs., LLC*, 919 F. Supp. 2d 666, 678 (D. Md. 2013) (explaining that under Maryland law, the elements of a breach of contract action are a contractual obligation and a material breach of that obligation). In

---

[3] The total amount owed comprises of an outstanding balance of $54,078.87 on the Education loans (with pre-judgment interest accruing at a per diem rate of $11.78), $17,626.82 on the 8161 Loan (with pre-judgment interest accruing at a per diem rate of $3.97), and $116,814.36 on the 8162 Loan (with pre-judgment interest accruing at a per diem rate of $23.99). ECF No. 20-1 ¶¶ 5–7. The outstanding balance on the Education loans reflects payments made by D. Skarzynski in the amount of $26,880.58. *Id.* ¶ 4; *id.* at 3.

3

answering Plaintiff's initial Complaint on October 12, 2016, Defendant stated that he has submitted monthly payments of $1,000 from January 2016 through October 2016 in accordance with the terms of the Settlement Agreement. ECF No. 8. While Defendant's answer provided the Court with sufficient grounds to deny Plaintiff's December 7, 2016 Motion for Default Judgment, *see* ECF No. 12, Plaintiff's unsupported statements are insufficient to create a genuine dispute of material fact as to whether he is in breach of contract.

Defendant has failed to respond to both Plaintiff's Motion for Summary Judgment filed on October 5, 2017 and the Court's April 19, 2018 notice informing Defendant that his failure to file a timely written response to the Motion may result in judgment entered against him. ECF No. 21. Furthermore, Defendant has never answered or otherwise responded to Plaintiff's Request for Admissions, and Plaintiff's Requests are deemed admitted as a matter of law. *See* Fed. R. Civ. P. 36(A)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."); *see also* ECF No. 15-2 at 2 (Plaintiff's First Interrogatories, Requests for Admission, and Requests for Production of Documents) ("Admit that since July 1, 2016, you have made no payments pursuant to the Settlement Agreement."). Thus, based on the record before the Court, Defendant is in breach of his obligation to Plaintiff and judgment will be entered in Plaintiff's favor.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment, ECF No. 15, shall be granted. Plaintiff shall be awarded the outstanding debt obligation of $188,520.05, pre-judgment interest accruing at the rates set forth in the Settlement Agreement as of December 31,

2017, and attorneys' fees in the amount of $10,077.02. Additionally, post-judgment interest shall accrue until the judgment is satisfied pursuant to 28 U.S.C. § 1961. A separate Order follows.

Dated: June 5, 2018

_____
GEORGE J. HAZEL
United States District Judge